Robert W. Payne, Esq. (Bar No. 073901)
PAYNE IP LAW
111 N. Market Street, Suite 300
San Jose, CA   95113
Telephone: (408) 981-4293
E-Mail:  payne@bobpayne.com

Attorneys for Plaintiff
Integris Wealth Management, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRIS WEALTH MANAGEMENT, LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>         vs.<br><br>INTEGRIS WEALTH PARTNERS, a Virginia limited liability company.<br><br>                    Defendant. | NO.     5:20-cv-04055<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, INTEGRIS WEALTH MANAGEMENT, LLC, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 15 U.S.C. sections 1114 and 1125 et seq.  Jurisdiction is therefore proper under 28 U.S.C. sections 1331, 1332 and 1338.

2. Venue in this judicial district is proper under 28 U.S.C. section 1391(b)(2), because both a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California and the property in question is located in said District.  On information and belief, likely confusion and other injury has occurred in the Northern District of

California, where customers and prospective customers of Plaintiff would confuse Defendant's usage of the trademarks in issue with Plaintiff's own trademark.

3. Plaintiff is a limited liability company, existing under the laws of the state of California.

4. Upon information and belief, Defendant INTEGRIS WEALTH PARTNERS is a limited liability company, existing under the laws of the state of Virginia, whose principal place of business is in Virginia.

5. Upon information and belief, each of the aliases, entities or companies under which Defendant operates or which Defendant controls is an agent of the other and an agent of Defendant.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

6. From before April 1, 2006, and continuing to date, Plaintiff has using in commerce the mark INTEGRIS (hereafter, "the Mark") in connection with financial planning and investment advisory services.

7. Plaintiff acquired trademark rights to use the Mark both at common law and by virtue of federal registrations from and after the foregoing dates. On February 10, 2011, Plaintiff filed its application, Serial No. 85,238,903, to register the Mark with the United States Patent and Trademark Office (USPTO) for the above services in class 36. On or about March 27, 2012, U.S. Trademark Registration No. 4,117,186 issued for the Mark. A copy of USPTO records reflecting said application and registration is attached hereto as Exhibit A.

8. From 2006, and continuing to date, Plaintiff has done business in the United States, using the Mark in commerce as a trademark in connection with the above services. Plaintiff extensively advertised and promoted the Mark, and invested substantial time, energy and

resources to develop the Mark.  The Mark is a strong trademark, being inherently arbitrary, fanciful, distinctive or suggestive.  From and after March 27, 2017, the registration for said Mark became incontestable under U.S. trademark law.

9.  On information and belief, Defendant INTEGRIS WEALTH PARTNERS and its founder began use of the marks INTEGRIS and INTEGRIS WEALTH PARTNERS for financial planning and wealth management services from and after November, 2015.

10.  On or about January 28, 2020, Plaintiff demanded that Defendant cease such use, but Defendant continues to infringe the Mark.

11.  Defendant refused and continues to refuse to cease use, and on information and belief has continued to use the INTEGRIS and INTEGRIS WEALTH PARTNERS, without Plaintiff's permission and to Plaintiff's injury.

## COUNT I

(Trademark Infringement)

12.  Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 11 of this Complaint as though fully set forth.

13.  Plaintiff is informed and believes and based thereon alleges that Defendant created a likelihood of confusion with the Mark in the relevant marketplaces as to source, sponsorship, affiliation and authorization, thereby constituting infringement of the Mark.

14.  As a proximate result of Defendant's above-described conduct, Plaintiff is informed and believes and based thereon alleges that Plaintiff has been damaged in an uncertain amount and that Defendant has wrongfully obtained profits in an unascertained amount.  Plaintiff will seek leave to amend this Complaint when the same have been determined.

15. At all material times, and particularly since receiving Plaintiff's demands to cease and desist, Defendant acted in bad faith and willfully, for the purpose of trading upon Plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so and with intent to injury Plaintiff.  Plaintiff is entitled thereby to enhanced damages in an uncertain amount. Plaintiff will seek leave to amend this Complaint when the same have been determined.

16. The above-described acts of Defendant caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.  Defendant will continue to do so unless enjoined by the Court.

WHEREFORE, plaintiff prays for judgment in its favor and against Defendant as follows:

1. An award of Plaintiff's monetary damages and Defendant's profits, according to proof;

2. Enhanced or trebled monetary damages, according to proof;

3. An award of Plaintiff's attorneys' fees and costs, plus prejudgment interest from the date of each wrongful act;

4. Injunctive relief against Defendant and Defendant's officers, agents, employees, servants, successors and assigns and representatives and each of them, together with all others acting in privity with Defendant from using (in sales, promotional materials or style of doing business) the trademark, service mark, trade name, domain name or otherwise referring to itself or its services with INTEGRIS and INTEGRIS WEALTH PARTNERS or any other mark containing the INTEGRIS, and further from using any term or acronym of similar appearance, sound or import;

5. A judicial declaration that the Mark is incontestable, and that Plaintiff has the exclusive right to use the Mark outside the state of New York; and

6. Any and all further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Pursuant to Fed.R.Civ. Pro. 38(b) and 5(d), Plaintiff demands a jury trial on all issues triable by jury.

Dated:  June 18, 2020                         PAYNE IP LAW

                                              By_____/s/_____
                                                    Robert W. Payne
                                                    Attorneys for Plaintiff
                                                    INTEGRIS WEALTH MANAGEMENT